IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| MICHAEL J. COLELLO, ) | |
| **Debtor** ) | |
| ) | Bankruptcy No. 19-10094-TPA |
| SANTANDER CONSUMER USA INC. ) | |
| dba CHRYSLER CAPITAL, ) | Chapter 13 |
| **Movant** ) | |
| ) | |
| v. ) | Related To Document No. 20 |
| ) | |
| MICHAEL J. COLELLO, ) | |
| **Respondent(s)** ) | |
| ) | |
| RONDA J. WINNECOUR, ) | |
| **Trustee** ) | |
| ) | |

## STIPULATION

NOW COMES, Santander Consumer USA Inc dba Chrysler Capital ("Santander"), by and through its counsel, Morton & Craig LLC, and Michael J. Colello ("Debtor") by and through his counsel David J. Graban, Esquire, and stipulate and agree as follows:

## RECITALS

WHEREAS, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code on February 3, 2019;

WHEREAS, Santander is the is the holder of a first purchase money security interest encumbering 2012 Dodge Ram 1500 bearing vehicle identification number 1C6RD7HT2CS128145 (the "Vehicle");

WHEREAS, the Debtor filed a Chapter 13 Plan on February 3, 2019 in which the Debtor failed to provide for payment of Santander's claim for the Vehicle;

WHEREAS, Santander filed a secured proof of claim on February 19, 2019 in the amount of $24,005.72 with contract interest accruing at an annual rate of 17.60%;

WHEREAS, the Debtor and Santander have resolved the issues surrounding the Debtor's treatment of Santander's secured claim in the Chapter 13 Plan and seek to enter into this Stipulation to resolve said issues.

NOW THEREFORE, the Debtor and Santander hereby stipulate and agree as follows:

1. That the replacement value of the Vehicle is determined to be $24,005.72 and Santander shall have an allowed secured claim in the amount of $24,005.72 with annual interest to accrue at 7.5%, with any remainder of Santander's claim to be treated as an unsecured claim.

2. That any future Chapter 13 Plan filed by the Debtor shall incorporate the terms of this Stipulation as it relates to Santander's secured claim.

3. That Santander shall not release its lien on the Vehicle until the Debtor's Chapter 13 Plan has been fully completed and the Debtor receiving a discharge or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier.  Upon payment in accordance with these terms and successful completion of the Chapter 13 Plan by the Debtor and the Debtor receiving a discharge, Santander shall release its lien on the Vehicle.

4. That this Stipulation shall become null and void, without further Order or Hearing, if the Debtor's underlying Chapter 13 Bankruptcy case is converted to a Chapter 7 case or if the underlying Chapter 13 Bankruptcy case is dismissed.

Consented To:

/s/ William E. Craig
William E. Craig, Esquire
PA ID# 92329
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
(856) 866-0100
bcraig@mortoncraig.com
Attorney for Creditor
Santander Consumer USA Inc. dba Chrysler Capital


/s/ David J. Graban
David J. Graban, Esquire
PA ID# _____
5569 East State Street
Hermitage, PA 16148
(724) 981-0620
graban@verizon.net
Attorney For Debtor


/s/ Jana S. Pail
Jana S. Pail, Esquire
PA ID# 88910
600 Grant Street, Suite 3251
Pittsburgh, PA 15219
(412) 638-9009
jpail@chapter13trusteewdpa.com
Attorney for the Chapter 13 Trustee


     AND NOW, this _____ day of _____, 2019, upon consideration of the Stipulation entered into by counsel for Santander Consumer USA Inc and with the Debtor, it is hereby ORDERED, ADJUDGED and DECREED that the terms of the foregoing Stipulation are hereby approved in their entirety.

                                                                               BY THE COURT:

                                                       _____

                                                       The Honorable Thomas P. Agresti